IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODOSVALDO C. POZO,

                                                    ORDER

            Plaintiff,

                                                    11-cv-56-bbc

    v.

PETER HUIBREGTSE, SGT. MATTY,
ROBERT HABLE and HEALTH SERV.
ADMINISTRATOR,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In a March 28, 2011 order, I asked plaintiff Rodosvaldo Pozo to submit a trust fund account for the six month period immediately preceding the filing of his complaint (July 25, 2010 to January 25, 2011). Instead, he submitted a trust fund account statement for the period from October 4, 2010 through March 31, 2011. Rather than have plaintiff submit a second trust fund account statement, I will consider the statement he has provided for the period from October 4, 2010 though January 25, 2011.

       In determining whether a prisoner litigant qualifies for indigent status, this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed <u>in forma pauperis</u> must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

1

In this case, 20% of the average monthly balance in plaintiff's account is $0, but 20% of the average monthly deposits made to his account in the four month period is $1.82. Because the greater of the two amounts is 20% of the average monthly deposit, or $1.82, that is the amount plaintiff will be assessed as an initial partial payment of the filing fee. If plaintiff does not have the money in his regular account to make the initial partial payment, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount he must pay at this time is the $1.82 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount he owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

ORDER

IT IS ORDERED that plaintiff Rodosvaldo Pozo is assessed $1.82 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $1.82 on or before April 26, 2011.

Further, the clerk of court is requested to insure that the court's financial records reflect plaintiff''s obligation to pay the $1.82 initial partial payment and the remainder of the $350 fee in monthly installments.

Entered this 5th day of April, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge